UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------X

GERALD TURNER,

                Plaintiff,

    - against -

CONCOURSE VILLAGE, INC.,

                Defendant.

----------------------------------------X

12 Civ. 8739 (RWS)
OPINION

**Sweet, D.J.**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/27/16

        PRO SE
        GERALD TURNER
        775 Concourse Village East
        Apt. 13L
        Bronx, NY 10451

        ATTORNEYS FOR DEFENDANT
        CLIFTON BUDD & DEMARIA, LLP
        350 Fifth Avenue, Suite 6110
        New York, NY 10118
        By:  Arthur J. Robb, Esq.
             Daniel H. Rowoth, Esq.

**Sweet, D.J.**

Defendant Concourse Village, Inc. ("Concourse Village" or "Defendant") has moved pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the Complaint filed by Plaintiff pro se Gerald Turner ("Turner" or "Plaintiff) alleging employment discrimination claims based on age, disability, and race. Based on the conclusions set forth below, the motion is granted and Plaintiff's Complaint is dismissed without prejudice.

## I.  Prior Proceedings

Plaintiff filed a Complaint for Employment Discrimination in this Court on November 30, 2012, alleging violations of (i) the Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621-634, (ii) the Americans with Disabilities Act heof 1990, as codified, 42 U.S.C §§ 12112-12117, (iii) New York City Human Rights Law, N.Y. City Admin Code §§ 8-101-131. Compl. at 1.

Prior to the filing of his complaint in this Court, Plaintiff sought relief for his claims before the New York State Division of Human Rights and the U.S. Equal Employment

Opportunity Commission ("EEOC"). The New York State Division of Human Rights issued its Determination and Order after Investigation on July 20, 2012, finding no probable cause to believe that Concourse Village engaged in discriminatory practices relating to employment because of Turner's age, race/color, or disability in violation of N.Y. Exec. Law, art. 15 ("NY Human Rights Law"), and dismissing Turner's complaint. See Pls.' Ex. E ("DHR Decision"). The EEOC issued Plaintiff a Dismissal and Notice of Rights letter on September 21, 2012, adopting the findings of the state employment practices agency and notifying Plaintiff of his right to sue. Compl. at 5.

Default Judgment was initially granted against Defendant by the Honorable Thomas P. Griesa on October 9, 2014, then vacated on April 24, 2015. Defendants filed the instant motion to dismiss on May 15, 2015. Plaintiff was granted an extension of time to file his response, and filed a list of exhibits on July 21, 2015.[1] The case was reassigned to this Court on January 15,

---

[1] In light of Plaintiff's pro se status, the Court construes these filings, ECF No. 32, as Plaintiff's Opposition to the instant motion to dismiss. See Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007) ("A document filed *pro se* is to be liberally construed." (citations and internal quotation marks omitted)).

2016. The motion was heard on submission and deemed fully submitted on January 21, 2016.

## II. Applicable Standard

On a motion to dismiss pursuant to Rule 12(b)(6), all factual allegations in the complaint are accepted as true, and all inferences are drawn in favor of the pleader. Mills v. Polar Molecular Corp., 12 F.3d 1170, 1174 (2d Cir. 1993). However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quotation marks omitted). A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Twombly, 550 U.S. at 570).

A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 663 (quoting Twombly, 550 U.S. at 556). In other words, the factual allegations must "possess enough heft to show that the pleader is entitled to relief." Twombly, 550 U.S. at 557 (internal quotation marks omitted).

4

However, "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. Erickson, 551 U.S. at 94 (citing Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292, 50 L. Ed. 2d 251 (1976) (internal quotation marks omitted)).

Additionally, while "a plaintiff may plead facts alleged upon information and belief 'where the belief is based on factual information that makes the inference of culpability plausible,' such allegations must be 'accompanied by a statement of the facts upon which the belief is founded.'" Munoz-Nagel v. Guess, Inc., No. 12-1312, 2013 WL 1809772, *3 (S.D.N.Y. Apr. 30, 2013) (quoting Arista Records, LLC v. Doe 3, 604 F.3d 110, 120 (2d Cir. 2010)) and Prince v. Madison Square Garden, 427 F. Supp. 2d 372, 384 (S.D.N.Y. 2006); see also Williams v. Calderoni, No. 11-3020, 2012 WL 691832, *7 (S.D.N.Y. Mar. 1, 2012). The pleadings, however, "must contain something more than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Twombly, 550 U.S. at 555 (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

**III. The Motion to Dismiss is Granted**

    **A.   The Complaint Fails to State a Claim**

In his complaint, Plaintiff indicates he is a 63 year old male, and alleges the following facts which the Court accepts as true: "I was told by the manager at the time older African American take longer to Heal, we make excuses to not work but it not true, I have work as the only on site supervisor for two or more year after Hour calls, Emergency." Compl. at 3. Turner alleges that the resultant discriminatory conduct included termination of his employment, failure to accommodate his disability, and unequal terms and conditions of his employment. Compl. at 2. No other relevant supporting facts are alleged.

The filings and previous decisions in Turner's case before the New York State Division of Human Rights supply some context for Plaintiff's action. Turner worked for Concourse Village, a six-building co-op in the Bronx, as Lead Supervisor of 68 maintenance employees. DHR Decision at 1-2. On February 28, 2010, Turner slipped and was injured on the job. Id. at 2. Turner sought treatment, and alleges that he routinely provided Concourse Village with documentation of his injuries and verbal updates that he would return to work when approved by a doctor.

6

Id. at 2-4; Pl.'s Ex. F at 3. After seven months, Concourse Village terminated Turner's employment on November 1, 2010. DHR Decision at 5. Turner has not alleged that he provided Concourse Village with a date for his return until after his termination, at which point he furnished a determination by Dr. Anthony Spataro dated February 2, 2011 that stated "[t]he claimant continues to have a mild temporary partial disability. He can return to light duty work that doesn't involve lifting more than fifty five pounds repetitively." Pl.'s Ex. F, Spataro Declaration at 3. Plaintiff's opposition exhibits suggest the discriminatory statement that "older African American[s] take longer to heal" and "make excuses [not] to work" was made by Desi Ndreu ("Ndreu"), then General Manager of Concourse Village. See Pl.'s Ex. F at 3 ("I have a witness that was present when Ms. Ndreu made this comment to me."); see also Def.'s Mot. at 3.

To state a claim under the Age Discrimination in Employment Act ("ADEA"), a Plaintiff must plead that "age was the but-for cause of the employer's adverse action." Gross v. FBL Fin. Servs., Inc., 557 U.S. 167, 176, 129 S. Ct. 2343, 2350, 174 L. Ed. 2d 119 (2009) (internal quotation marks omitted); accord Delaney v. Bank of Am. Corp., 766 F.3d 163, 168 (2d Cir. 2014). "To establish a prima facie case under the [Americans with Disabilities Act ("ADA")], a plaintiff must show by a

7

preponderance of the evidence that: (1) his employer is subject to the ADA; (2) he was disabled within the meaning of the ADA; (3) he was otherwise qualified to perform the essential functions of his job, with or without reasonable accommodation; and (4) he suffered adverse employment action because of his disability." Sista v. CDC Ixis N. Am., Inc., 445 F.3d 161, 169 (2d Cir. 2006) (citing Giordano v. City of New York, 274 F.3d 740, 747 (2d Cir.2001))(internal quotation marks omitted).

Plaintiff's New York City Human Rights Law claims have similar burdens. A plaintiff alleging discrimination must "make a prima facie showing of membership in a protected class and that an adverse employment action had been taken against him. The adverse action must have occurred under circumstances giving rise to an inference of discrimination." Rollins v. Fencers Club, Inc., 40 Misc. 3d 1233(A), 980 N.Y.S.2d 278 (Sup. Ct. 2013) aff'd, 128 A.D.3d 401, 8 N.Y.S.3d 202 (N.Y. App. Div. 2015) (quoting Bennett v. Health Mgmt. Sys., Inc., 92 A.D.3d 29, 35, 936 N.Y.S.2d 112, 117 (2011)).

Taking Turner's allegation regarding Ndreu's comment to be true, Turner has still failed to plead any nexus whatsoever between the comment and his termination. Despite ticking the fields on the form Complaint, Turner has pleaded no facts

related to or suggesting any failure to accommodate his disability or any unequal terms and conditions of his employment other than his termination. Plaintiff has not pleaded any facts that Ndreu was responsible for his termination, nor even that Ndreu held such decision-making responsibility or influence. While such a comment is clearly offensive, the Court has no facts upon which it could infer that Plaintiff's claim that it led to or evidenced the reasoning for his termination is possible, let alone plausible.

Whether under New York City's relatively permissive standard that Turner's termination occurred under circumstances giving rise to an inference of discrimination or the ADEA's demanding standard that age was the but-for cause of the termination, taking Plaintiff's pleadings to be true, Plaintiff has pled only a conclusion that his termination was discriminatory. Other than the fact of Ndreu's comment, Plaintiff has provided no other facts to support a facially plausible claim that the comment was connected to his termination. The far more reasonable inference is that, notwithstanding a biased comment, Plaintiff was terminated due to the fact that the injury made him unable to perform his job, and Plaintiff failed to provide any indication about his ability to return over the course of seven months.

Plaintiff's opposition exhibits dispute various aspects of Defendant's positions and the findings of the DHR. See Pl.'s Exs. A-M. Specifically, Plaintiff points to his history of positive work performance, id. at Ex. A at 1-2; that he was in regular communication with Concourse Village about his ongoing condition, id. at Ex. A at 2-3; that his absence did not create a hardship for Concourse Village as evidenced by plumbing work Turner outsourced during his tenure, id. Ex. A at 3-4, Exs. H-K, and the ability of two acting supervisors to perform Turner's work, id. at Ex. A at 4-5; Ex. L; to records of disciplinary action initiated under Turner's watch to evidence that disciplinary action after Turner was injured was not a result of lack of adequate supervision, Ex. A at 5, Ex. M; and to various other rebuttals to factual elements of Concourse Village's defense, id. at Ex. F. None of these materials go to nexus between Ndreu's comment (or any other discriminatory conduct) and Turner's termination, and none tend to show Defendant may be liable for unequal treatment or failure to accommodate a disability.

Plaintiff's pro se status notwithstanding, neither the Complaint nor Plaintiff's subsequent filings provide enough factual matter sufficient to survive Twombly/Iqbal by showing a plausible connection between the alleged discriminatory conduct

10

and Plaintiff's termination. On this basis alone, Defendant's motion to dismiss the Complaint in its entirety for failure to state a claim is granted.

### B. Plaintiff's New York City Human Rights Law Claims are Barred by the Election of Remedies Doctrine

Plaintiff has litigated state discrimination claims stemming from the previously described course of events before the New York Division of Human Rights. Plaintiff's Complaint before this Court foregoes New York State Human Rights Law claims, electing only federal and New York City Human Rights Law claims. See Compl.

> New York City Human Rights Law provides:
>
> any person claiming to be aggrieved by an unlawful discriminatory practice . . . shall have a cause of action in any court of competent jurisdiction . . . <u>unless such person has filed a complaint with the city commission on human rights or with the state division of human rights with respect to such alleged unlawful discriminatory practice or act of discriminatory harassment or violence</u>.

New York City, N.Y., Code § 8-502, New York City, N.Y., Code § 8-502 (emphasis added). New York Human Rights Law provides similarly:

> Any person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any

11

> court of appropriate jurisdiction . . . unless such person had filed a complaint hereunder or with any local commission on human rights.

N.Y. Exec. Law § 297(9) (McKinney). In short, the election of remedies provision erects a jurisdictional bar to relitigation of claims that have been brought before the DHR and found to be without probable cause. See MacEntee v. IBM (Int'l Bus. Machines), 783 F. Supp. 2d 434, 447 (S.D.N.Y. 2011) aff'd sub nom. MacEntee v. IBM, 471 F. App'x 49 (2d Cir. 2012) cert. denied 133 S.Ct. 985, 184 L.Ed.2d 774, reh'g denied 133 S.Ct. 1751, 185 L.Ed.2d 805 (""Because the [New York State Division of Human Rights] dismissed [Plaintiff's] claims for a lack of probable cause, Plaintiff is barred from re-litigating the same claims in this Court."). Removing any doubt, the Second Circuit has made clear that "the language of the [City Human Rights Law] is nearly identical to that of § 297(9), and discussion of the latter applies equally to the former." York v. Ass'n of Bar of City of New York, 286 F.3d 122, 127 (2d Cir. 2002) (citation and internal quotation marks omitted). "Thus, by the terms of the statute and code, respectively, the NYHRL and CHRL claims, once brought before the NYSDHR, may not be brought again as a plenary action in another court." Id. (citation omitted).

A different pled form of relief arising "out of the same incident forming the basis of the claims before the Agency" is

12

likewise barred by the election of remedies provision. Cf. Borum v. Vill. of Hempstead, 590 F. Supp. 2d 376, 383 (E.D.N.Y. 2008). Plaintiff cannot substantively litigate his claims before a competent state agency, then circumvent the concomitant jurisdictional bar by pleading the same events but checking a different box on the next effort. Accordingly, Plaintiff's New York City Human Rights Law claim is barred.

## IV. Conclusion

Where a pro se complaint read liberally "gives any indication that a valid claim might be stated," a district court "should not dismiss without granting leave to amend at least once[.]" Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir.2000) (citing Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir.1999). Accordingly, and based on the conclusions set forth above, Defendant's motion to dismiss is granted, and Plaintiff is permitted leave to file an amended complaint.

It is so ordered.

New York, NY
January 27, 2016

ROBERT W. SWEET
U.S.D.J.